IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | No. 2:99-CR-00751-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Dwayne Deleston, | ) | **ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

This matter is before the court on defendant's latest motion for relief under 28 U.S.C. § 2255, including an accompanying request for an evidentiary hearing. Defendant has also moved for the undersigned to recuse himself from further participation in this case. The government has moved to dismiss defendant's section 2255 motion. For the reasons set forth below, defendant's motions are denied, and the government's motion to dismiss is granted.

**I. BACKGROUND**

On October 30, 2000, defendant pled guilty to one count of possessing with intent to distribute fifty grams or more of crack cocaine. On January 19, 2001, the court sentenced defendant to the statutory mandatory minimum of 240 months imprisonment, plus ten years of supervised release and a $100 special assessment. The United States Court of Appeals for the Fourth Circuit denied defendant's direct appeal on November 30, 2001, and the United States Supreme Court denied certiorari on April 1, 2002.

Since his direct appeal, defendant has steadfastly and repeatedly attempted to attack his conviction and sentence through post-conviction proceedings. On January 2,

1

2002, defendant filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed on November 12, 2002. Defendant subsequently filed a section 2255 motion on November 18, 2002, and the court dismissed that motion as successive. Defendant appealed those decisions, and the Fourth Circuit vacated and remanded based on the court's failure to provide notice of its decision to re-characterize defendant's first motion and the consequences of doing so. United States v. Deleston, 116 Fed. Appx. 454, 2004 WL 2677050 (4th Cir. Nov. 24, 2004). Defendant then filed another section 2255 motion on December 20, 2004, which the court considered on the merits and dismissed on May 2, 2005.

Since the resolution of defendant's section 2255 on the merits, defendant has filed many more section 2255 motions (either explicitly titled as such or otherwise so designated by the court), as well as various other motions considered either by this court or the Fourth Circuit.[1] Defendant filed his latest section 2255 motion on June 8, 2009, accompanied by a motion for an evidentiary hearing. On July 1, 2009, defendant filed a motion for recusal, seeking a different judge to hear his pending motions.

---

[1] For example, since filing the instant section 2255 motion, defendant has filed a motion for reconsideration of reduction of sentence, motion for disclosure of grand jury material, and motion for relief from judgment and notice of default. These motions either retread ground already traveled in preceding orders or are section 2255 motions in disguise that, as the court discusses below, are unquestionably successive. Accordingly, these motions are denied.

## II.  DISCUSSION

**A.  Recusal**

Defendant argues that the undersigned is required to recuse himself under 28 U.S.C. § 455(a), which mandates that a district judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Though defendant only mentions section 455(a) in his motion, he also arguably invokes section 455(b)(1), which requires disqualification "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).

Under section 455(a), "'[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.  The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial.'"  United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting In re Beard, 811 F.2d 818, 827 (4th Cir. 1987)).  However, "'unsupported, irrational or highly tenuous speculation'" will not require recusal.  Id. (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).  And, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).

Defendant puts forth eight grounds in support of his recusal argument, but the eight grounds really represent one common theme:  defendant's disagreement with the court's prior rulings in his case.  Defendant has pointed to nothing in the record or

elsewhere that raises even the appearance of impartiality, much less actual bias or prejudice. This is because there is none to be found. At base, defendant takes issue with the court's prior judicial rulings, as he has attempted to do through his numerous 28 U.S.C. § 2255 motions. Defendant's disagreement with the court's prior rulings is not a valid basis for his recusal motion; therefore, his motion is denied.

### B. 28 U.S.C. § 2255

Defendant's section 2255 motion, as mentioned above, is not the first one he has filed. In fact, by the court's count, it is at least his seventh. The enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended 28 U.S.C. § 2255 to preclude successive applications for relief under the statute. United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003). Defendant's motion is without question successive.

There are two exceptions to the rule against filing a successive motion under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). According to 28 U.S.C. § 2244(b)(3), a prisoner filing a subsequent application for relief from his sentence must first obtain authorization from the appropriate court of appeals to allow a district court to consider the application. Winestock, 340 F.3d at 205. "In the absence of pre-filing authorization, the district court

lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (citation omitted). Therefore, a pre-filing authorization is a procedural hurdle that serves as a condition precedent to a district court's review of a successive § 2255 petition on the merits. Because defendant's section 2255 is successive and he has not sought pre-filing authorization from the Fourth Circuit, this court lacks jurisdiction to consider the merits of his claims. Therefore, defendant's motion is denied, and the government's motion to dismiss is granted.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the government's motion to dismiss is **GRANTED**. Defendant's motions for recusal and an evidentiary hearing are **DENIED**, and his 28 U.S.C. § 2255 motion is **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**December 9, 2009**
**Charleston, South Carolina**

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.